**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

DREW JAMES MCLAUGHLIN,

      Plaintiff,

v.                                                           Case No.  5:20-cv-49-TKW-MJF

MAJOR SWARTZ,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      This prisoner civil rights case is before the court on referral from the clerk of the court. This case was opened on February 7, 2020, upon Plaintiff filing a document titled "Rule 65(A)(1)," in which he complained that the Defendant violated the Eighth Amendment when he placed Plaintiff in a strip cell for possessing too many State-issued sheets. (Doc. 1). Plaintiff's document was not accompanied by the $400.00 filing fee or an application to proceed *in forma pauperis*.

      On February 10, 2020, the undersigned entered an order advising Plaintiff that his  "Rule 65(A)(1)" was construed as a civil rights complaint for injunctive relief under 42 U.S.C. § 1983, and that the complaint must be filed on the court form. (Doc. 2). *See also* N.D. Fla. Loc. R. 5.7(A) (requiring that a *pro se* complaint in a civil rights case be filed on the court form). The undersigned also advised Plaintiff

Page 1 of 3

that a party filing a civil rights action must simultaneously pay the $400.00 filing fee or apply to proceed *in forma pauperis* using the court form. *See* N.D. Fla. Loc. R. 5.3. The court mailed Plaintiff the necessary forms, and ordered him to submit the following within thirty days: (1) an amended civil rights complaint on the court form and (2) the $400.00 filing fee, or a complete application to proceed *in forma pauperis* on the court form. (Doc. 2). The undersigned also warned Plaintiff that failure to comply with the order likely would result in dismissal of this case.

Plaintiff did not comply with the order. Accordingly, on March 30, 2020, the undersigned ordered Plaintiff to show cause, within fourteen days, why this case should not be dismissed for failure to prosecute, failure to pay the filing fee or properly seek leave to proceed *in forma pauperis*, and failure to comply with a court order. (Doc. 4). To date, Plaintiff has not complied with the February 10, 2020, order, and has not responded to the March 30, 2020, show cause order.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1.     This case be **DISMISSED** without prejudice for Plaintiff's failure to comply with two orders of this court and for failure to pay the filing fee.[1]

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing

2.    The clerk be directed to close this case file.

At Panama City Beach, Florida, this <u>28th</u> day of April, 2020.

<u>/s/ *Michael J. Frank*</u>
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").